Rumovicz, Appellant, *v.* Scranton Electric Company.

*Negligence—Electric light company—Contact with wire—Trespass—Judgment n. o. v.*

No recovery can be had against an electric light company for injuries to a boy eleven years old resulting from contact with an electric wire, where it appears that the defendant maintained a building on an uninclosed lot between fifteen and twenty-five feet from a road; that in the building near the road a wire ran along the wall just inside a win-

dow, the sill of which was two feet from the ground; that some time prior to the accident the glass had been broken by boys throwing stones; that the defendant had done nothing to permit or invite anyone to enter the building; and that the injury to the plaintiff could have been caused in no other way than by the plaintiff thrusting his hand through the broken glass and touching the wire which caused his injury.

Argued March 9, 1910.   Appeal, No. 33, March T., 1910, by plaintiffs, from judgment of C. P. Lackawanna County, Nov. T., 1907, No. 185, for defendant non obstante veredicto in case of Stanley Rumovicz and Edward Rumovicz by his father and next friend, Stanley Rumovicz, v. Scranton Electric Company.  Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries to a boy eleven years old.

At the trial the jury returned a verdict for the plaintiff Stanley Rumovicz, for $100 and for Edward Rumovicz for $1,000.

On a rule for judgment for defendant non obstante veredicto NEWCOMB, J., filed the following opinion:

There was a verdict for plaintiffs in an action by father and son for injuries to the son occasioned by his coming in contact with an uninsulated wire on defendant's premises. At the close of plaintiffs' case defendant asked for binding instructions.  The present motion is founded on the refusal of that request.  The facts are free from complication.

As a part of its light and power plant in the village of Dickson City the defendant had on its premises a brick building used as a storage house.  It stood twenty or thirty feet from the street.  The lot not being inclosed the intervening area was from time to time resorted to by boys at play.   Inside the building electric wires were strung. Their purpose was not disclosed at the trial.   Therefore

they were presumably there for some use in the conduct of the company's business. At the end nearest the street the wires ran along the wall just inside a window of which the sill was upwards of two feet from the ground. To some extent the glass, consisting of small panes, had been broken, apparently by boys throwing stones. It had been in that condition for some weeks, if not months, before the accident. While the boys had been accustomed to play on the ground, none had been known to meddle with the building itself, otherwise than by throwing stones. In July, 1907, Edward Rumovicz, then eleven years old, was passing there with two other boys, all of whom lived in the neighborhood. Out of curiosity they turned aside to look in through the window. Apparently they put their hands on the sill. In some way, which neither could explain, Rumovicz received an electric shock, thereby sustaining a severe injury. It was taken for granted at the trial, and will be assumed now, that either consciously or unconsciously, he put his hand through the broken window far enough to touch one of the wires.

Subject to the general question reserved, the case was submitted on the allegation of negligence set out in the statement. True, it was also alleged that the wires had been intentionally charged by defendant for the specific purpose of inflicting an injury under the circumstances of this accident. That, however, was wholly unsupported, and the question left to the jury was whether the defendant was guilty of negligence in failing to keep the glass, or some other barrier, in place in view of the proximity of the wires to the street and the known habit of the children to play and idle about the premises.

The question now is whether the case was for the jury at all.

Had the defendant strung and charged the wires in the open lot after knowledge brought home to it that persons, whether children or adults, were accustomed to resort there, a different question would be presented. The same would be true if, seeing the boys at the window with their

hands on the sill, an employee of the company had charged the wires without warning them. But there was nothing of that kind. No servant of the company was about. Apparently the wires were in their usual condition as required in the company's operations. Hence the liability, if any, must arise solely from what has been called the principle of "attractive nuisances." That doctrine, however, so far as I can find, has in no jurisdiction been extended to injuries to a trespasser arising from machinery within private buildings to which the intruder gets access through a window without the permission, and in the absence of the owner or those representing him. If it were so every proprietor of a mill or factory would operate it subject to the duty of active vigilance in keeping trespassers out. That is not the law.

On review of the case I cannot distinguish it in principle from Thompson v. R. R. Co., 218 Pa. 444. There children were accustomed to resort to the railroad yard. That was inclosed by a high board fence, broken in places and having gates usually open. In the yard was a turntable. When not in use, instead of being kept locked, it was fastened only by a brake which anyone could open. A boy of about eight years entered the yard at night through the open gateway. He stood near the table as it was being turned by other boys at play. A projecting bar struck him whereby he was thrown into the pit and seriously hurt.

In reversing judgment on a verdict for the boy the course of decision on the present subject in our own and other jurisdictions was extensively reviewed by the Supreme Court. In effect the doctrine of the so-called "turntable cases" as it had been generally understood was repudiated. The proposition that the owner of private property may incur liability to a trespasser for an injury induced by mere childish curiosity or heedlessness, unconnected with any negligence in the use of his property, was rejected as unsound in legal theory and unsupported by the weight of authority. It was held that the fact that the person injured was a child makes no difference in the

absence of negligence, and that as regards an adult the facts in that instance showed no breach of duty. It was said: "He was where he had no right to be, on the property of the defendant, which it was using in a lawful manner for a lawful purpose in the conduct of its business. It owed him the duty not to injure him intentionally, but it was under no duty to take care of him either by keeping him out of the yard or by protecting him after he entered it from his own acts or the acts of others who, like him, had entered without permission." This must be regarded as the settled rule in this state.

But it is contended by the learned counsel that the question here is ruled otherwise by Henderson v. Refining Co., 219 Pa. 384, and Walsh v. Pittsburg Rys. Co., 221 Pa. 463. In my judgment both are clearly distinguishable from the present case. In the Henderson case a permissive way across a vacant lot had become established. It formed a well-marked line of communication between two dwelling houses on opposite sides of the lot. It led from the side door of one to a gate opening out from the other. All three parcels belonged to defendant. The houses were occupied by its tenants. A boy had occasion to go to one of the houses. When he left he went out by the exit opening on the path. He was hurt by being caught in some way in the machinery of a pumping plant then recently set up by defendant either on or at the edge of the path. It must be noted that the path had acquired its status with the implied consent of the defendant before the machinery was placed there. The Supreme Court, therefore, held that the boy was not a mere trespasser. The path had become an appurtenance to the houses as part of the curtilage. In other words, the boy was using the path under defendant's quasi license. The machinery formed a menace to the safety of those lawfully exercising an ostensible right which had attached to the premises. There was nothing in the mere location of the machinery which would operate to extinguish the apparent right of way of those having lawful occasion to go in or out by that

entrance. The case in no way weakens or narrows the general rule that the landowner owes no duty of protection to those who may intrude on his premises. On the contrary, it was distinctly held that the facts took it out of the scope of that rule.

In Walsh v. Pittsburg Rys. Co. the defendant had a power house for the operation of a cable on an uninclosed lot adjacent to the street. Children resorted to the lot as a playground. On the occasion in question a girl of eight years was attracted there by a fight in which some boys were engaged. The machinery was then idle and the man in charge absent. She stood within two feet, or less, from the door of the motor house, and in dangerous proximity to the cable if in motion. Defendant's employee returned, facing her as he came and almost brushing against her as he entered the door. Without warning her he immediately put the machinery in operation. The frayed and broken strands of the cable caught the girl's clothing and being drawn into the machinery she was injured. It is apparent that the circumstances might well charge the defendant's employee with knowledge of her peril, and make his act in starting the machinery one of wanton recklessness. And it was so held. While the rule stated in Thompson v. R. R. Co. was again reaffirmed and it was again said that "the standard of duty in such case is the same whether the person injured be an adult or child," it was further said: "There was, however, a duty not to injure her intentionally, or wantonly by any act to expose her to danger. If the man who started the motor knew at that time that the plaintiff was standing between the rails close to the frayed cable, which would touch her dress when in motion, and from his knowledge of the circumstances was conscious that she would be exposed to danger if the machinery was put in motion, a duty of care arose, as it would in case of an engineer who sees a child on the track in front of his engine."

As between these cases and the one at bar I can see no analogy. On the contrary, the present case is to my mind

588 RUMOVICZ, Appellant, *v.* SCRANTON ELEC. CO.

Opinion of Court below—Opinion of the Court.　[44 Pa. Superior Ct.

clearly within the general rule of immunity as regards an injury to a trespasser where the landowner is making a lawful and proper use of his property.

For that reason the defendant was entitled to binding instructions. The rule to show cause is made absolute and judgment is now directed to be entered for defendant on the point reserved sec. leg.

Plaintiff appealed.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*I. H. Burns,* with him *H. D. Carey* and *Joseph O'Brien,* for appellants.—This case is ruled by Whaley v. Nat. Bank, 28 Pa. Superior Ct. 531; Gillis v. R. R. Co., 59 Pa. 129; Henderson v. Refining Co., 219 Pa. 384; Walsh v. Rys. Co., 221 Pa. 463; Millum v. Coal Co., 225 Pa. 214.

*Everett Warren,* with him *E. N. Willard, Clarence Balentine* and *William M. Curry,* for appellee, cited: Wetherby v. Gas & Electric Co., 75 Atl. Repr. 8; Sullivan v. R. R. Co., 156 Mass. 378; Mayfield Water & Light Co. v. Webb, 33 Ky. L. R. 909; Keefe v. Lighting Co., 21 R. I. 575.

OPINION BY PORTER, J., December 12, 1910:

The opinion filed by the learned judge of the court below, which will appear in the report of this case, fully vindicates his action in entering judgment in favor of the defendant non obstante veredicto. The evidence disclosed that the wire which was averred to have caused the injury of plaintiff was inside one of the buildings of the plant of the electric light company, and that some time prior to the occurrence one or more of the panes of glass in a window of the building had been broken by boys throwing stones. This window was in the end of the building which stood back on the private property of the defendant between fifteen and twenty-five feet from the side of a road which led from the village out into the country. The evidence failed to clearly disclose just how the

plaintiff was injured, but if it was caused by the wire, the maintenance of which was the only act of negligence averred in the statement of plaintiff, it could only have been caused by the plaintiff having, while standing outside the building, passed his hand through the opening where the pane of glass had been broken and touched the wire. There was no evidence from which a jury should have been permitted to infer that the wire had been placed in position and maintained by the defendant for the purpose of injuring anyone or for any other unlawful purpose, and as the burden was upon the plaintiff that element is eliminated from the consideration of the case. There was no evidence that any person, whether child or adult, not an employee of the defendant company had ever been permitted or invited to enter the building. The wire was entirely within the brick building used by the defendant and, in the absence of evidence to the contrary, it must be assumed to have been used there for a lawful purpose. The learned judge of the court below held, we are convinced correctly, that the case was ruled by Thompson v. B. & O. Railroad Co., 218 Pa. 444, and clearly drew the distinction between that case and Henderson v. Refining Co., 219 Pa. 384, and Walsh v. Railways Co., 221 Pa. 463. Counsel for appellant have argued in their brief that the decision in Thompson v. B. & O. Railroad Co., 218 Pa. 444, has been qualified by the Supreme Court in Millum v. Lehigh & Wilkes-Barre Coal Co., 225 Pa. 214, which was decided after the judge of the court below had filed his opinion in the present case. There is nothing in the opinion in Millum v. Coal Co., nor in the facts upon which it is based to sustain the contention of counsel. The ground upon which the decision in Thompson v. The Railroad Co. was decided was that the plaintiff in that case was a trespasser upon the property of the defendant and the latter owed him no positive duty of protection. The position in which the evidence placed the plaintiff and the obligation which that position imposed upon the defendant were thus stated in the opin-

ion by Mr. Justice FELL: "He (the plaintiff) was where he had no right to be, on the property of the defendant, which it was using in a lawful manner for a lawful purpose in the conduct of its business. It owed him the duty not to injure him intentionally but it was under no duty actively to take care of him either by keeping him out of the yard or by protecting him after he had entered it from his own acts or the acts of others who, like him, had entered without permission. There was no negligence unless there was a breach of duty. There was no breach of a duty to an adult. An owner of land is not liable for its condition to an adult who enters without permission. Unless a different standard of duty is to be established as to a child, there was no liability in this case." There is nothing to be found in the opinion in Millum v. Coal Co. which can properly be taken as qualifying or limiting the principle above declared to be applicable, when one who is injured is a mere trespasser upon the property of another. The decision in Millum v. Coal Co. was put upon the ground that, "Where the owner of property invites or permits its use by the public, as a common, or for a playground, or a picnic ground, it is certainly the duty of the owner to use reasonable precautions to protect the public from the operation of dangerous machinery located thereon. Under such circumstances, a different duty is imposed upon the owner, from that required of him towards those who are merely trespassers upon his property." In that case the defendants were operating machinery, which might be dangerous, in an open unfenced field, to which all persons had access and which was used for purposes of a playground and at times as a picnic ground. The plaintiff was a child of tender years and it was held that he was not a trespasser. The opinion quotes with approval the language of Mr. Justice AGNEW, in Kay v. Pennsylvania Railroad Co., 65 Pa. 269: "The case is altered, when by a license to others, they have devoted this ownership to a use involving their interest and their safety; and by sufferance permitted the public

to enjoy a privilege of passage which might bring their persons into danger." The act of the plaintiff in the present case in putting his hand through the opening in a broken pane of glass was the uninvited intrusion of a trespasser, which this defendant could not reasonably be required to anticipate and guard against, as is clearly ruled by Thompson v. B. & O. Railroad Co., 218 Pa. 444.

The argument of counsel for the appellant is in part based upon certain facts which we do not consider to have been established by evidence, one of which is the assertion that the building in question was used as a storage house, or junk shop and that there was no necessity for the maintenance therein by the defendant of wires charged with an electric current. The evidence wholly failed to establish these facts. The plaintiff did not see fit to call any witness who had ever been inside the building or knew anything about the purposes for which the wires therein were maintained. There was no specific evidence as to the uses to which the building was devoted, and the witnesses who were called had merely directed their attention to the window and the location of the wire with respect thereto. There was, as we have already said, nothing in the evidence which could warrant the suggestion that the wires were not maintained for a lawful purpose. The paper-book contains this assertion: "In the Millum case there seems to have been nothing particularly designed to attract the attention of children: in this case there was a donkey in a pen close to the window where the accident occurred." This attempt to show that the defendant was maintaining "an attractive nuisance," upon the premises, which might be dangerous to children, has for its only foundation the fact that a mule was sometimes kept in a small building or shed twenty-five feet away from the window in question and in a separate building. The "attractive nuisance" was not in the building through the window of which the plaintiff thrust his hand.

The judgment is affirmed.