# Saar, Appellant, *v.* American Glass Specialty Company.

*Negligence—Infant—Burning rubbish—Evidence.*

In an action by a child six years of age against a company operating a glass factory, it appeared that the child was severely burned when her clothing ignited from a fire kindled by the employees of the defendant upon a lot in rear of its factory for the purpose of burning waste paper and rubbish from the office and the factory. The fire had been burning for some time when the child wandered upon the premises of the defendant, and approached the fire. No one saw how the accident happened. When first seen by any witness the child was lying in the edge of the burning rubbish and her clothing was then burning. There was no public highway within several hundred feet of the point where the fire was burning, although there was a few feet away, upon the private property of an adjoining owner, a path which was used by the employees of other companies in going to and from their work. There was nothing to show that the defendant had done anything from which an invitation to others, or to the public to use this property could be inferred, or that the property had been used as a public playground or common. *Held,* that the plaintiff was not entitled to recover.

Argued May 14, 1913. Appeal, No. 185, April T., 1913, by plaintiff, from judgment of C. P. Beaver Co., June T., 1911, No. 262, for defendant n. o. v. in case of Katharine Saar, by her next friend, v. American Glass Specialty Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HOLT, P. J.

At the trial the jury returned a verdict for plaintiff for $650.

Subsequently the court entered judgment for defendant n. o. v. HOLT, P. J., filing the following opinion:

A verdict was rendered in this case in favor of Katharine Saar, for damages for injuries sustained by her by falling into a fire which had been kindled by the defend-

ant's employees for the purpose of burning rubbish and old paper. After the fire had died down, and, possibly, while it was still blazing, the plaintiff, Katharine Saar, who was about the age of seven years, and other children of about her own age, were playing near the remains of the fire, and gathering pieces of broken and colored glass. There was no fence inclosing the defendant's property, and there was a path leading through the property, near the fire, which was used by the employees of certain other manufacturing companies in going to and from their work. Katharine Saar, in some way, fell into the fire, and before she was rescued was very seriously burned. The evidence showed that Katharine Saar's mother, the other plaintiff in the action, and her stepfather, residing some considerable distance from the defendant company's plant, had been in the habit of permitting the child to wander away from home and down to the place in question and elsewhere in the town of Monaca, without being accompanied by anyone to take care of her.

Upon the trial there was a question raised as to the location of the fire, whether it was upon the defendant's own property or on an adjoining lot of a third party. We submitted the question to the jury to determine whether or not the fire was upon the defendant's own land or upon the property of such third party. The jury found as a part of their verdict that the fire was within and that the accident occurred upon the defendant's own land, a portion of the ground occupied by its plant. The alleged negligence charged was the failure of the defendant to properly guard the fire so as to prevent injury to the plaintiff, Katharine Saar. The verdict of the jury established the fact that Katharine Saar was a trespasser upon the defendant's premises. Under numerous decisions of the Supreme Court and the Superior Court of this state the defendant owed her no duty, and would not be liable to her except in case of negligence so gross as to amount to wantonness.

In the case of Thompson v. Baltimore and Ohio Railroad Co., 218 Pa. 444, Mr. Justice FELL, in delivering the opinion of the Supreme Court, said: "The plaintiff's youth relieves him of the charge of contributory negligence, but it does not give rise to an imputation of negligence on the part of the defendant. He was where he had no right to be, on the property of the defendant, which it was using in a lawful manner for a lawful purpose in the conduct of its business. It owed him the duty not to injure him intentionally, but it was under no duty actively to take care of him either by keeping him out of the yard or by protecting him after he had entered it from his own acts or the acts of others who, like him, had entered without permission. There was no negligence unless there was a breach of duty. There was no breach of duty owing an adult. An owner of land is not liable for its condition to an adult who enters without permission. Unless a different standard of duty is to be established as to a child there was no liability in this case."

In the case above cited the place where the injury occurred was one of which the public had been permitted to make a playground, but the property was used by the defendant, daily, for the purpose of carrying on its own business.

In the case of Gillespie v. McGowan, 100 Pa. 144, a child under eight years of age was drowned in an abandoned well eighty feet away from a city highway, in an uninclosed lot which was a place of resort in hot weather. The instruction to the jury that, "The true principle which must be applied to a case of this kind is: 'The, owner of premises in the neighborhood of a populous city, and opening on a public highway, must so use them so as to protect those who stray upon them'" was expressly disapproved, and a judgment for the plaintiff was reversed.

In Baltimore and Ohio Railroad Co. v. Schwindling, 101 Pa. 258, a boy under six years of age went, for his

own amusement, on the platform of a railroad station to observe an approaching train, and was struck by an iron step which was bent and projected a few inches from the car. A judgment for the plaintiff was reversed on the ground that the company owed him no duty of protection under the circumstances.

In Henderson v. Continental Refining Company, 219 Pa. 384, it was held that the case was for the jury. In that case the defendant owned a vacant lot which the children of the neighborhood had been permitted to use as a playground. On the lot were two houses occupied by two tenants of the company. The side door and porch of one house opened directly upon the lot, and opposite to this door was a gate entering the yard of another house. Between the door and the gate there had been a path, near the path the company placed pumping machinery with revolving cogwheels. The boy, who was seven years old, went to call upon a friend at the house where the gate opened into the lot. Not finding his friend at home he passed through the gate into the lot, and in some way, not explained, was caught in the pumping machinery and was killed. The evidence showed that the machinery was not inclosed or guarded, and that it was dangerous for anyone to come in contact with it while it was in motion. In delivering the opinion of the Supreme Court, Mr. Justice POTTER said: "We do not think the facts in this case bring it within the line of the decisions in which it is held that the landowner owes no duty of protection to those who may be upon the premises. Under the circumstances it can hardly be said that the child was where he had no right to be. The entire tract of land, including the two houses and the ground between them, belonged to the company. As has already been noted, one of the houses was built with a side door and porch opening directly upon the vacant lot, and from the other house, a gate placed in the fence opened from the side directly into the lot. The door provided upon one side and the gate upon the other certainly were sufficient to in-

dicate to tenants in the houses, to their families and guests, an implied permission, or invitation, to enter upon and cross the vacant lot.  As a matter of fact, under this permission it was used for years to such an extent that a path was worn across the lot between the two houses. The lot was also permitted to be used as a playground for the children of the tenants in the houses, and by other children.  After having permitted this use of the property for several years, the defendant company, according to the testimony, erected and used dangerous pieces of machinery right upon, or close to the pathway between the two houses.  It did not inclose or guard the machinery, nor did it shut up the door or gate leading from the houses to the lot.  It seems to have done nothing to give notice that permissive use of its land as a passageway and playground was to be discontinued."  It was further held by the Supreme Court that under the circumstances the boy could not fairly be regarded as a mere trespasser.

We are, therefore, satisfied that the case of Henderson v. Continental Refining Company does not rule the case at bar.

In the case of Walsh v. Pittsburg Railways Company, 221 Pa. 463, it was held that there was a duty to a trespasser not to injure him intentionally or wantonly by any act to expose him to danger.

The case of Millum v. Lehigh & Wilkes-Barre Coal Co., 225 Pa. 214, is not similar to the case at bar.  The facts in that case disclose that a boy four and a half years old was found fast in the wheels of certain machinery and severely injured.  The owner of the lot of ground upon which the machinery was erected and in operation permitted it to be used as a public common or children's playground, and the dangerous machinery was operated without guard or barrier around it.  The machinery amounted to what has been designated in many cases as a mantrap, and the negligence was such at so amount to wantonness.

In the case at bar the fire was only occasionally made, and in the same manner as the owner of a private residence is often required to make for the purpose of destroying waste paper and other materials which accumulate from time to time.  The defendant in this case cannot be held liable for an injury to his neighbor's children who might stray upon or be permitted to enter his property or premises, from time to time, as children ordinarily do in towns and cities.

From what we have said we feel that it is the duty of the court to enter judgment n. o. v. upon the whole record in favor of the defendant.

Now August 26, 1912, after argument, upon due consideration, judgment is entered in favor of the defendant n. o. v. upon the whole record, and an exception is granted and bill sealed to the plaintiff Katharine Saar.

*Error assigned* was in entering judgment for defendant n. o. v.

*Edwin S. Weyand* and *Forest G. Moorhead*, for appellant.

*W. J. Mellon* and *A. P. Marshall*, for appellee.

OPINION BY PORTER, J., October 13, 1913:

Katharine Saar, a child about six years of age, was severely burned when her clothing ignited from a fire which had been kindled by the employees of the defendant company, upon the premises of said company, for the purpose of burning waste paper and rubbish from the office and glass factory.  The fire had been burning for some time when the plaintiff wandered upon the premises of the defendant company and approached the fire.  No witness saw exactly how the accident had its origin, and it is impossible to say whether her clothing first caught fire and she then fell at the edge of the burning rubbish, or first fell into the edge of the fire

and thus caused her clothing to be ignited. When first seen by any witness she was lying in the edge of the burning rubbish and her clothing was then burning. This action was brought by the mother of the child, to recover damages in her own right and in behalf of the child. The jury found in favor of the defendant as against the mother and her right to recover is not involved in this appeal. There was a verdict in favor of the child, but the court subsequently entered judgment in favor of the defendant non obstante veredicto, which action is here assigned for error.

The opinion of the learned judge of the court below in entering judgment non obstante veredicto in favor of the defendant, which will appear in the report of this case, fully states the facts and so satisfactorily sustains the conclusion reached that we do not deem it necessary to discuss at length the question presented. The defendant company operated a glass factory and had an office upon the premises and it was its custom to burn the waste paper and other rubbish from the office and factory upon the ground at the rear of the factory. The verdict of the jury in this case establishes that the fire upon the day in question was upon the private property of the defendant company. There was no public highway within several hundred feet of the point where the fire was burning, although there was a few feet away, upon the private property of an adjoining owner, a path which was used by the employees of certain other manufacturing companies in going to and from their work. There was in this case no evidence from which a jury should have been permitted to find that the defendant company had done anything from which an invitation to others or to the public to use this property could be inferred, or that the property had been used as a public playground, or common. The injury to this child was most unfortunate and is to be sincerely regretted, but she was where she had no right to be and, under the law, she is not entitled to recover

damages for her injuries from the defendant company. This case is ruled by Thompson v. B. & O. Railroad Co., 218 Pa. 444. The principles recognized in that case, and which are in the present case controlling were not departed from or qualified in the subsequent decisions in Henderson v. Refining Company, 219 Pa. 384, and Walsh v. Railways Company, 221 Pa. 463, which are relied upon by the appellant. What was decided in the later cases was that, under the evidence in those cases, the parties injured were not trespassers and were rightfully upon the premises where they were injured, as we endeavored to show in Rumovicz v. Scranton Electric Co., 44 Pa. Superior Ct. 582. The decision in Thompson v. B. & O. R. R. Co., 218 Pa. 444, has not been overruled, and we must follow it.

The judgment is affirmed.